IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| HIGHWAY 29, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 3:21-cv-300-ECM |
| | ) | (WO) |
| LEE COUNTY COMMISSION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

The Plaintiff Highway 29, LLC ("Highway 29") filed this declaratory judgment action against defendants Lee County Commission, and individual commission members[1] (collectively "Defendants"), seeking to enjoin the Defendants from holding a special election on May 18, 2021. (Doc. 1). The Plaintiff also filed a motion for preliminary injunction seeking to prevent the May 18, 2021 election. (*Id*.)

The Plaintiff invokes the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] The Court has jurisdiction over actions involving citizens of different states provided that all plaintiffs are diverse from all defendants, *see Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

---

[1] The Plaintiff sued, in their official capacities, Lee County Commissioners: Sarah Brown, Doug Cannon, William English, Robert Ham, Richard LaGrand, Sr. and Gary Long.

[2] Although the Plaintiff brings a claim pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, the Act does not confer jurisdiction upon a federal court. *Borden v. Katzman,* 881 F.2d 1035, 1037 (11th Cir. 1989). Thus, a suit brought under the Declaratory Judgment Act must have an independent source of jurisdiction, such as diversity jurisdiction. *Id*.

Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

Now pending before the Court is the Plaintiff's motion for a preliminary injunction. (Doc. 1). Because the Court has an independent obligation to inquire into its jurisdiction, on April 29, 2021, the Court ordered the parties to specifically address whether the amount in controversy meets the jurisdictional minimum for the Court to have jurisdiction over this matter.[3] (Doc. 21). The parties filed responses to the Court's order. *See* Docs. 25 & 26. The Plaintiff reiterated its position that from its perspective, "the value of the objects of this litigation exceed the sum of $75,000, exclusive of interest and costs" and thus, the Court has diversity jurisdiction. (Doc. 26 at 6). The Defendants assert that the "Plaintiff has not adequately carried its burden of establishing the requisite amount in controversy." (Doc. 25 at 1). For the reasons which follow, the Court concludes that the Plaintiff has failed to establish the amount in controversy exceeds $75,000, and thus, it does not have jurisdiction over this matter.[4]

## STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Dudley v. Eli Lilley & Co.*, 778 F.3d 909, 911 (11th

---

[3] In the complaint, the Plaintiff only alleges causes of action under state law, and only invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332.

[4] Also pending before the Court is the Defendants' motion to dismiss or in the alternative, motion for more definite statement (doc. 17). Because the Court concludes it does not have jurisdiction over this case, it does not have jurisdiction to resolve the motion.

2

Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The Court is "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). In light of their limited jurisdiction, federal courts are "obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Charon-Bolero v. U.S. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

## BACKGROUND

The Plaintiff is the "owner of a parcel of real property . . . located adjacent to Highway 29 North in Beat 13 of the unincorporated Beulah area of Lee County, Alabama." (Doc. 1 at 5, para. 15) (internal quotation marks removed). According to the Plaintiff, it leased the property to Creekwood Resources, LLC. (*Id*. at 6, para. 19). Creekwood intends to develop the property as a granite quarry. (*Id*.)

As Creekwood moved forward to seek the necessary permits, citizens of Lee County, Alabama, who oppose the development of the quarry, petitioned the Lee County Commission to conduct a special election to determine whether the Lee County Planning Commission should have authority over Beat 13. (*Id*. at 8-9, para. 31). Two petitions

3

seeking a special election were filed with the Lee County Commission. (*Id.* at 10-11, para. 35). The Lee County Commission set a "special election for zoning in Beat 13" for May 18, 2021. (*Id.* at 11-12, paras. 38 & 40).

On April 22, 2021, the Plaintiff filed this action and a motion for preliminary injunction.[5]

## DISCUSSION

To establish diversity jurisdiction, the Plaintiff must not only demonstrate that the parties are completely diverse, but, that the amount in controversy exceeds the $75,000 jurisdictional minimum set by 28 U.S.C. § 1332.

The Plaintiff seeks only injunctive relief to prevent the special election from proceeding. In the complaint, the Plaintiff asserts the amount in controversy exceeds $75,000 based on "the monetary value of the object of this litigation—the intended use of a parcel of real property located in Lee County, Alabama." (Doc. 1 at 4, para. 13). "For amount in controversy purposes, the value of injunctive or declaratory relief is the 'value of the object of the litigation' measured from the plaintiff's perspective." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000). *See also Ericsson GE Mobile Comm., Inc. v. Motorola Comm. & Electronics, Inc.*, 120 F.3d 216, 218 (11th Cir. 1997).

---

[5] The Plaintiff also filed a motion for a temporary restraining order which the Court denied on April 22, 2021. (Doc. 4).

4

The Plaintiff offers two bases for asserting the amount in controversy exceeds $75,000. First, the Plaintiff argues that of the Lee County Commission's $279,250 election budget for 2021, $105,250 is allocated to "Election." (Doc. 26 at 3). The Plaintiff further speculates that although "there was a national general election on November 3, 2020[,]" … "it is likely safe to assume that not every penny was exhausted from the budget." (Doc. 26 at 3). Thus, according to the Plaintiff, the cost of the election exceeds $75,000. Notwithstanding the wholly speculative nature of this argument, "[t]he value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000). Because the cost of the election would not flow to the Plaintiff if the injunction was granted, it cannot be the measure for determining the amount of controversy.

The Plaintiff also argues that because the value of the property is $203,500, which exceeds the requisite amount in controversy, the jurisdictional threshold is met. (Doc. 26 at 5). This argument, however, fails.

> Although a diversity suit should not be dismissed unless "it is apparent, to a legal certainty, that the plaintiff cannot recover [the requisite amount in controversy]," *see St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938), this liberal standard for jurisdictional pleading is not a license for conjecture. In light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly construe the statutory grant of diversity jurisdiction, or as the Supreme Court has put it, to "scrupulously confine their own jurisdiction to the precise limits which the statute has

5

> defined." *Snyder,* 394 U.S. at 340, 89 S.Ct. at 1059 (quoting *Healy v. Ratta,* 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934)). We think this obligation requires a court to insure that the benefits resulting from an injunction are not counted where they are so uncertain that the court cannot reasonably determine whether the amount of money placed in controversy by the present suit exceeds $75,000. Accordingly, a plaintiff who bases diversity jurisdiction on the value of injunctive relief must show that the benefit to be obtained from the injunction is "sufficiently measurable and certain to satisfy the . . . amount in controversy requirement . . .. *Ericsson,* 120 F.3d at 221.[1]

*Morrison*, 228 F.3d at 1268–69 (footnote in original).

The Plaintiff seeks to enjoin an election, the result of which is currently unknowable and which, at this juncture, has no bearing on the value of the property. It is the outcome of the election, not the holding of it, which could affect the value of the property. The Plaintiff's valuation of the injunction is based on the possibility that the special election will require Beat 13, and thus the subject property, to come under the auspices of the Lee

---

[1] The footnote in the original reads as follows:

> In *Ericsson,* this Court held that the value of an injunction was "too speculative and immeasurable" to establish the requisite amount in controversy. *Ericsson,* 120 F.3d at 221–22. The only remedy available to Ericsson was an injunction invalidating Motorola's contract to provide a communications system to the City of Birmingham, and thus, the benefit of this injunction to Ericsson was simply the chance to rebid on the contract. *See id.* at 221. Because all the injunction could do was void Motorola's contract, Ericsson would benefit monetarily from the injunction only if (1) the City elected to rebid the contract, which it apparently was not required to do, and (2) after the contract was rebid, the City selected Ericsson's communications system. *See id.* Based on these contingencies, the *Ericsson* Court concluded that the value of the injunctive relief was not "sufficiently measurable and certain to satisfy the ... amount in controversy requirement of the diversity statute." *Id.*

County Planning Commission. The mere fact that the election may result in the property being regulated by the Lee County Planning Commission does not provide the Court with any measure of the value of the injunction and is purely speculative. Consequently, the Court concludes that the Plaintiff has failed to demonstrate that the amount in controversy exceeds $75,000 and that diversity jurisdiction exists.

## CONCLUSION

Because the Plaintiff fails to establish that the amount in controversy exceeds $75,000, this Court lacks diversity jurisdiction. Accordingly, it is

ORDERED that this case is DISMISSED without prejudice for lack of jurisdiction. It is further

ORDERED that the hearing on the motion for preliminary injunction set for May 10, 2021, is CANCELED.

DONE this 7th day of May, 2021.

                                             /s/ Emily C. Marks
                                      EMILY C. MARKS
                                      CHIEF UNITED STATES DISTRICT JUDGE